```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON
```

JOHN C. BRADSHAW,                       Civ. No. 05-6220-HO

        Plaintiff,            ORDER

   v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Plaintiff seeks review of the decision of the Commissioner denying his application for disability insurance and supplemental security income benefits. For the reasons discussed below, the decision of the Commissioner is affirmed.

### Discussion

Plaintiff contends that the administrative law judge (ALJ) erred by discounting his stated need to elevate his legs due to swollen feet resulting from diabetic neuropathy, and by finding plaintiff noncompliant with medical treatment despite plaintiff's testimony that he cannot afford treatment, including a proper diet.

The ALJ stated clear and convincing reasons supported by substantial evidence for rejecting plaintiff's testimony. Plaintiff did not complain of swollen feet to his doctors, and this symptom is not established by objective medical evidence. Dr. Stowell assessed diabetes mellitus with retinopathy and nephropathy almost in the nephrotic range, which plaintiff contends would cause swelling of the feet.  Pl's Memo. at 3.  The ALJ cited plaintiff's failure to follow treatment recommendations within his control, such as diet.  (Tr. 18).  Although plaintiff testified he cannot afford a proper diet, the ALJ properly plaintiff not entirely credible, and financial hardship does not explain plaintiff's failure to take medications, also documented by Dr. Stowell and noted by the ALJ.  (Tr. 16, 18, 212).[1]  The ALJ further noted Dr. Stowell's writings that plaintiff is very concerned about disability, has a cavalier approach to treatment, and does not want his condition controlled so that he may be found to be disabled.  (Tr. 16, 18, 215).

The ALJ further cited Dr. Stowell's reports of high Waddell scores and test results impacted by distraction, doctors' reports of give-away weakness and possible poor effort in muscle testing,

---

[1] Incidentally, the record reflects that plaintiff received a complimentary blood testing machine, plaintiff told Dr. Stowell that he ran out of test strips and did not bother to replace them, plaintiff may have had a few strips at the time of the hearing, and plaintiff did not seek out resources for obtaining test strips at no cost or reduced cost.  (Tr. 212, 274-75).

2 - ORDER

Dr. Wood's report of negligible vision loss despite plaintiff's claim of quickly deteriorating vision, plaintiff's ability to play computer games for hours and limited ability to prospect for gold, plaintiff's criminal history of forgery, and the absence of medical evidence supporting plaintiff's claims of constant severe back pain and nausea several times per week.  These reasons are supported by substantial evidenced.  (Tr. 97-98, 169, 203, 223, 274).  The ALJ appropriately considered the extent to which plaintiff's complaints are supported by objective medical evidence, the observations of plaintiff's physicians, evidence of plaintiff's truthfulness, and plaintiff's activities.  <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002).

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this   12th    day of May, 2006.

 s/ Michael R. Hogan  
United States District Judge

3 - ORDER